```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
                   CAMDEN VICINAGE
```

**NOT FOR PUBLICATION**

```
James L. Roudabush, Jr.       :
                              :    CIV. ACTION NO. 15-3185(RMB)
          Plaintiff,          :
     v.                       :    MEMORADUM AND ORDER
                              :
Lt. Bitener et al.,           :
                              :
          Defendants.         :
```

**RENÉE MARIE BUMB**, U.S. District Judge

On July 31, 2015, this Court granted Plaintiff's IFP application and directed service of summons and Plaintiff's <u>Bivens</u> complaint on the defendants. (Opinion and Order, ECF Nos. 9, 10.) This matter comes before the Court upon Plaintiff's filing of two motions: (1) Motion to Correct Spelling of Defendant's Name; and (2) Motion to Substitute Defendant's Correct Name for "John Doe" (ECF No. 13.)

Petitioner wishes to correct the spelling of "Lt. Bittinger" to "Lt. Bitener." (ECF No. 13 at 1.) The Clerk of Court will be directed to make the appropriate corrections to the docket, correcting the spelling of Lt. Bitener's name.

Petitioner also wishes to substitute "Lt. E. Hall" for the "John Doe" defendant. (Id. at 2.) "Replacing the name John Doe with a party's real name amounts to the changing of a party or the naming of a party under Rule 15(c). . . ."[1] Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir. 2003) (citing Varlack v. SWC Caribbean Inc., 550 F.2d 171, 174 (3d Cir. 1977)). Therefore, Plaintiff must amend the complaint.

---

[1] Federal Rule of Civil Procedure 15(c), Relation Back of Amendments, provides in relevant part:

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
> . . .
>
>> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>
>>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>>
>>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Because the complaint has not yet been served on the defendants, Plaintiff may amend the complaint to substitute Lt. E. Hall for John Doe, as a matter of course (without leave of Court). See Fed. R. Civ. P. 15(a)(1)(A). The Court will deny Plaintiff's Motion to Substitute Defendant's Correct Name for John Doe, but Plaintiff is permitted to file an amended complaint naming Lt. E. Hall in the place of "John Doe." Upon Plaintiff's filing of the amended complaint,[2] the Court will direct the Clerk to issue summons for service of the Amended Complaint on the defendants.

IT IS on this **24th** day of **August 2015**,

**ORDERED** that Plaintiff's Motion to Correct Spelling of Defendant's Name (ECF No. 13 at 1) is GRANTED; and it is further

**ORDERED** that the Clerk of Court shall correct the docket entries to reflect the corrected spelling from "Lt. Bittinger" to the correct spelling of "Lt. Bitener"; and it is further

**ORDERED** that Plaintiff's Motion to Substitute Defendant's Correct Name for "John Doe" is DENIED; however, Plaintiff is

---

[2] If Plaintiff makes changes to the complaint beyond substituting the real party in interest for the "John Doe" defendant, any new claims will be subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B). See Grayson v. Mayview State Hosp., 293 F.3d 103, 109 n.11 (3d Cir. 2002) (the dismissal provision of 28 U.S.C. § 1915(e)(2)(B) is "applicable throughout the entire litigation process") (quoting McGore v. Wrigglesworth, 114 F.3d 601, 608 (6th Cir. 1997)).

permitted to file an Amended Complaint, which shall be identified as "Amended Complaint" in the caption, and may substitute "Lt. E. Hall" for John Doe as a party; and it is further

**ORDERED** that the Clerk of Court shall send a copy of this Memorandum and Order to Plaintiff by regular U.S. mail; together with a "Prisoner Civil Rights Complaint (05/09)" for Plaintiff's use in filing his Amended Complaint.

<u>s/Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**