UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| James L. Roudabush, Jr. | : | |
| | : | CIV. ACTION NO. 15-3185(RMB) |
| Plaintiff, | : | |
| v. | : | |
| | : | ORDER |
| | : | |
| Lt. Bitener et al., | : | APPLIES TO BOTH ACTIONS |
| | : | |
| Defendants. | : | |

_____

| | | |
|---|---|---|
| James L. Roudabush, Jr. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIV. ACTION NO. 15-5521(RMB) |
| | : | |
| | : | |
| Capt. Reyes et al., | : | |
| | : | |
| Defendants. | : | |

_____

**RENÉE MARIE BUMB**, U.S. District Judge

   Plaintiff filed a civil rights complaint on April 14, 2015, alleging that he was denied medical treatment after passing out on February 21, 2015. (Roudabush v. Bitener, 15cv3815 ("3185"), ECF No. 1 at 6-7.) Plaintiff further alleged that three days later, he still

1

had not received medical treatment, and his life was at risk. (Id. at 8.)

Plaintiff filed another civil rights complaint on July 9, 2015. (Roudabush v. Reyes et al., 15cv5521 ("5521"), ECF No. 1.) He alleged "[m]y life is in imminent danger of serious injury or death" because the defendants placed him in the SHU on June 15, 2015, and he has volatile blood pressure and often passes out. (Id. at 2.) Plaintiff alleged he is locked in a cell "24/7" with no call button, sometimes there are no officers on the floor; and when the officers are on the floor, they do not make regular checks on the cells. (Id.)

In both of these actions, this Court found that Plaintiff had three strikes under the PLRA, 28 U.S.C. § 1915(g), but granted his leave to proceed in forma pauperis under the imminent danger of serious physical injury exception to the three strikes rule. (3185, ECF Nos. 9, 10; 5521, ECF No. 6.) After Defendants were served with the summons and complaints, the Court gave Defendants an opportunity to respond to Plaintiff's allegation of imminent danger of serious physical injury. (Id.) Defendants, in both actions, contended Plaintiff was not in imminent danger of serious physical injury, and requested that the Court Plaintiff's IFP status. (15cv3185, ECF No. 22 at 7-8; 15cv5521, ECF No. 11-1 at 7-8.)

2

In support of their contentions, Defendants offered the Declaration of Rolando Newland, M.D. and Exhibit 1 to the Newland Declaration, which contains Plaintiff's medical records maintained by the Federal Bureau of Prisons. (Id.) Defendants moved to place these records under seal to maintain confidentiality from public view. (15cv3185, ECF No. 23; 15cv5521, ECF No. 12.) Plaintiff opposed the motions to seal (15cv3185, ECF Nos. 50, 59; 15cv5521, ECF No. 21) on the grounds that Dr. Newland had no authority to release his medical records; and Defendants had no right to submit his medical records to the Court.[1]

---

[1] Plaintiff alleged Defendants violated HIPAA by submitting his medical records in these actions without his permission. (3185, ECF Nos. 50, 59; 5521, ECF No. 21.) HIPAA is the Health Insurance Portability and Accountability Act. 42 U.S.C. § 1320d-1 et seq. "The ability to bring an enforcement action to remedy HIPAA violations, and ensure that a healthcare provider is HIPAA complaint, lies within the exclusive province of the Secretary of Health and Human Services, not the hands of private citizens." Polanco v. Omnicell, Inc., 988 F.Supp.2d 451, 469 (D.N.J. 2013) (citing Acara v. Banks, 470 F.3d 569, 571 (5th Cir. 2006) ("HIPAA limits enforcement of the statute to the Secretary of Health and Human Services"); Baum v. Keystone Mercy Health Plan, 826 F.Supp.2d 718, 721 (E.D. Pa. 2011) (no private right of action under HIPAA). Plaintiff also alleged Defendants violated his right to privacy under 5 U.S.C. § 552. The civil remedies portion of the Privacy Act, 5 U.S.C. § 552a(g)(1), applies to agencies, and not to any natural person sued under the Act. Fetzer v. Cambria County Human Services, 384 F.Supp.2d 813, 816 (W.D. Pa. 2005); Repetto v. Magellan Health Services/EAP, Civ. Action No. 12-

Plaintiff, a prisoner subject to the three strikes provision of the PLRA, 28 U.S.C. § 1915(g), put his medical treatment at issue by alleging he is in imminent danger of serious physical injury. (3185, ECF No. 8 at 6-7.) "In resolving a contested issue of imminent danger, the district court may rely upon evidence supplied by sworn affidavits or depositions, or, alternatively, may hold a hearing. Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997) overruled on other grounds, Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2011). Defendants seek to protect Plaintiff's privacy by filing Dr. Newland's declaration and Plaintiff's medical records under seal. Plaintiff does not argue that the records should not be sealed, only that they should not be produced. Production of the documents is an appropriate response to this Court's Order allowing Defendants to challenge Plaintiff's allegation of imminent danger of serious physical injury; and the Court will grant Defendants' motions to file the Declaration of Rolando Newland, M.D. and Exhibit 1 to the Newland Declaration under seal.

IT IS therefore on this **22nd** day of **October 2015**,

---

4108, 2013 WL 1176470, at *4-5 (D.N.J. Mar. 19, 2013) (discussing civil remedy provision of Privacy Act).

**ORDERED** that Defendants' motion to seal in <u>Roudabush v. Bitener</u>, 15cv3185 (ECF No. 23) is GRANTED; and Defendants' motion to seal in <u>Roudabush v. Reyes</u>, 15cv5521 (ECF No. 12) is GRANTED; it is further

**ORDERED** that the Clerk send a copy of this Memorandum and Order to Plaintiff by regular U.S. Mail.

<u>s/Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**