**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| James L. Roudabush, Jr. | : | |
| | : | CIV. ACTION NO. 15-3185(RMB) |
| Plaintiff, | : | |
| v. | : | |
| | : | MEMORANDUM AND ORDER |
| | : | APPLIES TO BOTH ACTIONS |
| Lt. Bitener et al., | : | |
| | : | |
| Defendants. | : | |

_____

| | | |
|---|---|---|
| James L. Roudabush, Jr. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIV. ACTION NO. 15-5521(RMB) |
| | : | |
| | : | |
| Capt. Reyes et al., | : | |
| | : | |
| Defendants. | : | |

_____

**RENÉE MARIE BUMB**, U.S. District Judge

I.   BACKGROUND

On October 22, 2015, this Court scheduled consolidated oral argument on Defendants' opposition to Plaintiff's IFP status under the imminent danger exception to 28 U.S.C. § 1915(g) in Roudabush

1

v. Bitener et al, 15cv3185(RMB) and Roudabush v Reyes et al, 15cv5521(RMB) (ECF No. 68.) On the same day, this Court granted Defendants' motion to seal records filed in support of their opposition to Roudabush's IFP status under the imminent danger exception in 28 U.S.C. § 1915(g). (15cv3185, ECF No. 66; 15cv5521 ECF No. 27.) On November 2, 2015, Roudabush filed Notices of Appeal with the Third Circuit, appealing this Court's order on the motions to seal. (15cv3185, ECF Nos. 80, 81; 15cv5521, ECF Nos. 37, 38.)

II. DISCUSSION

"As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal." Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985). In opposing Defendants' motion to seal, Plaintiff requested exclusion of his medical records based on Defendants' alleged violations in obtaining his medical records. (ECF No. 59 at 4.) It is possible that the Third Circuit Court of Appeals will address this issue in Roudabush's appeal of this Court's order on the motions to seal. See U.S. v. Smith, 123 F.3d 140, 145 (3d Cir. 1997) ("[o]rders either granting or . . . denying access to court proceedings or records are appealable as

final orders under § 1291.") Therefore, in an abundance of caution, this Court will cancel the November 24, 2015, 10:00 a.m. hearing in these matters.

It has also come to this Court's attention that Plaintiff is no longer incarcerated at FCI Fort Dix, because legal mail from the Court addressed to Roudabush at Fort Dix has been returned as unable to forward. (15cv3185, ECF No. 82; 15cv5521, (ECF Nos. 39, 40, 41.) Under Local Civil Rule 10.1(a), an unrepresented party "must advise the Court of any change in . . . address within seven days of being apprised of such change by filing a notice of said change with the Clerk." If a party fails to do so, the Court may impose sanctions. (Id.) Therefore, the Court will administratively terminate Plaintiff's civil actions in which his mail has been returned to the Court as undeliverable. Plaintiff may reopen these actions by promptly supplying the Court with his new address.

IT IS therefore on this **19th** day of **November 2015**,

**ORDERED** that the hearing set for November 24, 2015 at 10:30 a.m. in these matters is cancelled; and it is further

**ORDERED** that the Clerk of Court shall administratively terminate Roudabush v. Bitener et al., 15cv3185(RMB) and Roudabush

v. Reyes et al., 15cv5521(RMB), pursuant to Local Civ. R. 10.1(a); and it is further

**ORDERED** that, if within 30 days of the date of this Order, Plaintiff notifies the Clerk of Court of his new address, the Clerk of Court shall reopen Civil Action Nos. 15-3185(RMB) and 15-5521(RMB); and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum and Order on Plaintiff at his last known address, by regular U.S. mail.

                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **UNITED STATES DISTRICT JUDGE**