**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| James L. Roudabush, Jr., | : | |
| | : | CIV. ACTION NO. 15-3185(RMB) |
| Plaintiff, | : | |
| v. | : | |
| | : | OPINION |
| | : | APPLIES TO BOTH ACTIONS |
| Lt. Bitener et al., | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| James L. Roudabush, Jr. | : | |
| | : | CIV. ACTION NO. 15-5521(RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Capt. Reyes et al., | : | |
| | : | |
| Defendants. | : | |

**RENÉE MARIE BUMB**, U.S. District Judge

I.   BACKGROUND

This Court found that Plaintiff, a prisoner who sought to proceed <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915 in these Bivens actions, had three strikes under the Prisoner Litigation Reform Act of 1995 ("PLRA"). (Civil Action No. 15-3185, Opinion and Orders, ECF No. 7, 9, 10; Civil Action No. 15-5521, Order, ECF No. 6). Plaintiff

1

acquired the strikes in the following cases: Roudabush v. United States, 11cv980(SDW-MCA)(D.N.J. July 14, 2011 and July 13, 2012)(all defendants dismissed for failure to state a claim upon which relief may be granted); Roudabush v. Johnson, 11cv7444(RMB)(D.N.J. Aug. 16, 2012)(dismissed for failure to state a claim); and Roudabush v. Johnson, No. Civ.A. 705CV00691, 2006 WL 270020 (W.D. Va. Feb. 3, 2006)(all claims dismissed as frivolous and/or failure to state a claim).

This Court, however, granted Plaintiff's applications to proceed in forma pauperis, because Plaintiff alleged he was in imminent danger of serious physical injury at the time he filed the complaint. (Civil Action No. 15-3185, Order, ECF No. 10; Civil Action No. 15-5521, Order, ECF No. 6). Defendants challenged Plaintiff's assertion of imminent danger of serious physical injury. (Civil Action 15-3185, Defs' Response to Pl's Allegation of Imminent Danger of Serious Physical Injury Under 28 U.S.C. § 1915(g), ECF No. 22; Civil Action 15-5521, ECF No. 11.)

On April 6, 2016, the Court held a hearing on the issue of whether Plaintiff was in imminent danger of serious physical injury when he filed these actions. (Civil Action No. 15-3185, Minute Entry, ECF No. 107; Civil Action No. 15-5521, ECF No. 62). For the reasons stated on the record at the hearing, the Court found Plaintiff was

not in imminent danger of serious physical injury on April 14, 2015 or on July 9, 2015. At the close of the hearing, Plaintiff asserted a challenge to the finding that he had three strikes under the PLRA. On April 18, 2016, he filed a "Motion to Grant Equitable Tolling/Apply Mailbox Rule for Plaintiff's 1915(g) Status" and a "Notice of Strike Errors" in each of these cases. (Civil Action 15-3185(RMB), ECF Nos. 108, 109; Civil Action 15-5521(RMB), ECF Nos. 63, 63.)

In his motion for "equitable tolling" of his "1915(g) status," Plaintiff asserts the Court should consider his Complaint to have been filed in Civil Action No. 15-3185 as early as February 21, 2015 or at least by March 22, 2015, when he delivered the complaint to prison officials for mailing. Plaintiff contends Defendants prevented him from filing sooner by denying him the opportunity to buy postage.

Even if the Court considered Plaintiff to have filed his complaint in Civil Action No. 15-3185 any time between the dates of February 21, 2015 and March 22, 2015, it would not change the result of the Court's imminent danger finding. Based on the record as a whole, and the hearing held on April 6, 2016, Plaintiff was not in imminent danger of serious physical injury at any time from when he passed out on February 21, 2015 through July 9, 2015, when he filed Civil Action No. 15-5521.

In Plaintiff's Notice of Strike Errors, he contends: (1) Roudabush v. USA, 11cv980 (D.N.J. 2011) does not constitute a strike because three claims survived initial screening: (2) Roudabush v. NRDC, 12cv29 (D.N.J. 2012) is not a strike because it was dismissed for lack of jurisdiction; (3) Roudabush v. Belk, (W.D.N.C. 2011), is not strike because it was dismissed for venue; and (4) Roudabush v. Johnson, 05cv691 (W.D. Va. 2006) was not a strike because it was filed as a habeas corpus case, and although the court stated "it should" be construed as a Section 1983 claim, it did not state that "it would be."

A dismissal of a prisoner's civil action counts as a strike based on three enumerated grounds in the statute, 28 U.S.C. § 1915(g). The three grounds include that the action or appeal is (1) frivolous; (2) malicious; or (3) fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A dismissal of an action (or appeal) also counts as a strike if it is dismissed "pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i) 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." Ball v. Famiglio, 726 F.3d 448, 463 (3d Cir. 2013).

4

A dismissal may count as a strike if it is based on immunity of the defendant(s), but only if the court explicitly and correctly concludes that the complaint reveals the immunity of the defendant on its face, and the court dismisses under Rule 12(b)(6) or expressly states that the ground for the dismissal is frivolousness. Id. at 463. The entire action must be dismissed on the above grounds for the prisoner to accrue a strike. Ball, 726 F.3d at 646. A dismissal counts as a strike after it has been affirmed on appeal, "or the opportunity to appeal has otherwise concluded." Id. at 465. Courts must also count a dismissal on a ground enumerated in 28 U.S.C. § 1915(g) as a strike, even though the dismissal remains pending on appeal. Coleman v. Tollefson, 135 S.Ct. 1759, 1761 (2015).

A dismissal on one of the enumerated grounds in Section 1915(g) counts as a strike "whether or not it's with prejudice." Paul v. Marberry, 658 F.3d 702, 704 (7th Cir. 2011) (when a "plaintiff is told to amend his . . . complaint and fails to do so, the proper ground of dismissal is not want of prosecution but failure to state a claim, one of the grounds in section 1915(g) for calling a strike against a prisoner plaintiff."); Cf Shapiro v. UJB Fin. Corp., 964 F.2d 272, 278 (3d Cir. 1992) (district court's dismissal without prejudice to amend the complaint had the "had the effect of dismissing the improperly pleaded claims with prejudice" once the amendment period

5

expired); Hagan v. Rogers, 570 F.3d 146, 151 (3d Cir. 2009) ("dismissal with leave to amend will be treated as a final order if the Plaintiff has elected to stand upon the original complaint"); Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2003) ("Because Frederico has elected to stand on her original complaint rather than amend or refile it, the order dismissing the complaint without prejudice is final.")

For the first strike, on July 14, 2011, in Roudabush v. United States, 11cv980(SDW-MCA)(D.N.J.), the court dismissed all but three of the claims for failure to state a claim upon which relief may be granted. (Opinion and Order, ECF Nos. 14 and 15.) Certain of the claims were dismissed without prejudice. (Id.) Plaintiff was given an opportunity to amend the complaint on or before February 27, 2012, to cure the deficiencies of those claims denied without prejudice, but he failed to do so. (Order, ECF No. 74.) On July 13, 2012, the court dismissed the claims against the remaining three defendants for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), and closed the case. (Opinion and Order, ECF Nos. 97, 98.) The time to appeal has expired. Therefore, all claims in the complaint were dismissed upon the enumerated grounds in 28 U.S.C. § 1915(g), and the dismissal counts as one strike.

6

For the second strike, the court dismissed the complaint in Roudabush v. Johnson, 11cv7444(RMB) in its entirety, without prejudice, for failure to state a claim upon which relief may be granted. (Opinion and Order, ECF Nos. 11, 12.) Instead of amending the complaint, Plaintiff appealed the court's order dismissing the complaint. (ECF No. 13.) He therefore chose to stand on his original complaint. The appeal was dismissed for lack of jurisdiction. (Order of USCA, ECF No. 15.) Plaintiff never sought to amend the complaint, and it is now, years later, too late to amend or perfect his appeal. The dismissal counts as one strike.

The third strike occurred in Roudabush v. Johnson, No. Civ.A. 705CV00691, 2006 WL 270020 (W.D. Va. Feb. 3, 2006). The court construed Plaintiff's habeas petition as a civil rights action and dismissed the case because Roudabush's allegations were "either frivolous or failed to state a claim upon which relief may be granted," pursuant to 28 U.S.C. § 1915A(b)(1). Although Roudabush appealed the order dismissing the case, the appeal was dismissed for failure to prosecute. Roudabush v. Johnson, No. 06-6280 (4th Cir. April 7, 2006).[1] The time to appeal this Order has expired. Therefore,

---

[1] Available on PACER, the Public Access to Electronic Court Records, using the Case Locator at www.pacer.gov.

Plaintiff has three dismissals of civil actions on the grounds enumerated in 28 U.S.C. § 1915(g). He has at least three strikes.[2]

**III. CONCLUSION**

Having found that Plaintiff has three strikes under 28 U.S.C. § 1915(g), and he was not in imminent danger of serious physical injury when he filed these actions, the Court will revoke Plaintiff's IFP status, deny without prejudice Plaintiff's pending motions, and terminate these actions. Plaintiff may reopen the actions by paying the civil and administrative filing fees of $400 in each of these actions.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: April 21, 2016

---

[2] Plaintiff has filed approximately 105 civil cases in the district courts, and 46 appeals since the 1980s. See PACER at www.pacer.gov It is likely that he has more than three dismissals that count as strikes under 28 U.S.C. § 1915(g). See, Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 (3d Cir. 1997) (dismissals for frivolousness that occurred prior to passage the PLRA's three strikes rule are included as strikes under section 1915(g)); Welch v. Galie, 207 F.3d 130, 132 (2d Cir. 2000) (dismissal for failure to state a claim that occurred prior to passage of the PLRA is a strike under section 1915(g)); see also Coleman, 135 S.Ct. at 1761 (courts must count a dismissal on a ground enumerated in 28 U.S.C. § 1915(g) as a strike, even though the dismissal remains pending on appeal).