**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| James L. Roudabush, Jr., | : | |
| | : | CIV. ACTION NO. 15-3185(RMB) |
| Plaintiff, | : | |
| v. | : | |
| | : | OPINION |
| | : | APPLIES TO BOTH ACTIONS |
| Lt. Bitener et al., | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| James L. Roudabush, Jr. | : | |
| | : | CIV. ACTION NO. 15-5521(RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Capt. Reyes et al., | : | |
| | : | |
| Defendants. | : | |

**RENÉE MARIE BUMB**, U.S. District Judge

This matter comes before the Court upon Plaintiff's motions, in the above-captioned actions, to vacate the Court's Order of April 21, 2016, due to lack of jurisdiction. (Roudabush v. Bitener et al., Civil Action No. 15-3185(RMB) (ECF No. 117)); Roudabush v. Reyes et al., Civil Action No. 15-5521(RMB) (ECF No. 69)).

I.   BACKGROUND

Plaintiff, a prisoner who sought to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 in these Bivens actions, has three strikes under the Prisoner Litigation Reform Act of 1995 ("PLRA"). (Civil Action No. 15-3185, Opinion and Orders, ECF No. 7, 9, 10; Civil Action No. 15-5521, Order, ECF No. 6). Plaintiff acquired the strikes in the following cases: Roudabush v. United States, 11cv980(SDW-MCA)(D.N.J. July 14, 2011 and July 13, 2012)(all defendants dismissed for failure to state a claim upon which relief may be granted); Roudabush v. Johnson, 11cv7444(RMB)(D.N.J. Aug. 16, 2012)(dismissed for failure to state a claim); and Roudabush v. Johnson, No. Civ.A. 705CV00691, 2006 WL 270020 (W.D. Va. Feb. 3, 2006)(all claims dismissed as frivolous and/or failure to state a claim).

This Court, however, granted Plaintiff's applications to proceed in forma pauperis, because Plaintiff alleged he was in imminent danger of serious physical injury at the time he filed the complaint. (Civil Action No. 15-3185, Order, ECF No. 10; Civil Action No. 15-5521, Order, ECF No. 6). Defendants challenged Plaintiff's assertion of imminent danger of serious physical injury. (Civil Action No. 15-3185, Defs' Response to Pl's Allegation of Imminent Danger of Serious Physical Injury Under 28 U.S.C. § 1915(g), ECF No. 22; Civil Action 15-5521, ECF No. 11.)

On April 6, 2016, the Court held a hearing on the issue of whether Plaintiff was in imminent danger of serious physical injury when he filed these actions. (Civil Action No. 15-3185, Minute Entry, ECF No. 107; Civil Action No. 15-5521, ECF No. 62). For the reasons stated on the record at the hearing, the Court found Plaintiff was not in imminent danger of serious physical injury on April 14, 2015 or on July 9, 2015. Having found that Plaintiff had three strikes under 28 U.S.C. § 1915(g), and he was not in imminent danger of serious physical injury when he filed these actions, the Court revoked Plaintiff's IFP status. (Civil Action No. 15-3185(RMB) Opinion and Order, ECF Nos. 112-113; Civil Action No. 15-5521(RMB), ECF Nos. 65, 66.)

Furthermore, in response to Plaintiff's "Motion to Grant Equitable tolling/Apply Mailbox Rule for Plaintiff's 1915(g) Status" and "Notice of Strike Errors," on April 21, 2016, this Court found that even if it assumed Plaintiff's complaint was filed in Civil Action No. 15-3185 as early as February 21, 2015 or at least by March 22, 2015, this would not change the result of the Court's imminent danger finding. (Id.)

II. DISCUSSION

3

In his present motions, Plaintiff contends the Court lacked jurisdiction over "my medical records aspect of the case." (Civil Action No. 15-3185(RMB), ECF No. 117; Civil Action No. 15-5521(RMB) ECF No. 69) Plaintiff filed an interlocutory appeal on November 6, 2015, challenging the Court's decision that it would consider Plaintiff's medical records in determining whether he was in imminent danger of serious injury at the time his complaints were filed in his Bivens actions. (Id. at 2.) Plaintiff asserts the Court of Appeals had not decided Plaintiff's appeal when the Court held the imminent danger hearing on April 6, 2016. (Id.)

Plaintiff's interlocutory appeal,[1] challenging this Court's order finding that Defendants properly submitted Plaintiff's medical records for consideration of the imminent danger issue, did not deprive this Court of jurisdiction to hold the imminent danger hearing. The Third Circuit Court of Appeals, in its Order in Lieu of a Formal Mandate, dismissed Petitioner's appeal on December 24, 2015, for failure to timely prosecute.[2] "Issuance of the mandate ends the jurisdiction of the circuit court and returns jurisdiction to the district court." 20A JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE

---

[1] (Civil Action No. 15-3185(RMB), Notice of Appeal, ECF No. 80; Civil Action No. 15-5521, ECF No. 37.) The Court notes Plaintiff never sought permission from the District Court to file an interlocutory appeal. See 28 U.S.C. § 1292(b).
[2] (Civil Action No. 15-3185(RMB), D.N.J., Certified Order in Lieu of Formal Mandate, ECF No. 89; Civil Action No. 15-5521, ECF No. 47.)

§ 341.02 (3d ed. 1999); see Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 97 (3d Cir. 1988) (appeal becomes final when Clerk of Circuit Court of Appeals issues certification in lieu of a mandate); see U.S. v. Williams, Criminal Action No. 02-172-27, 2015 WL 224381, at *3 (E.D. Pa. Jan. 16, 2015) ("Fed.R.App.P. 41(c) dictates that '[t]he mandate is effective when issued.'")

Although Petitioner is seeking to have the appeal reopened, it has not been reopened.[3] The imminent danger hearing was held after the appeal was dismissed, and this Court had jurisdiction.

III. CONCLUSION

For these reasons, the Court will deny Plaintiff's motions to vacate for lack of jurisdiction.

s/ RENÉE MARIE BUMB
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**

Dated June 22, 2016

---

[3] See Roudabush v. Bitener et al., Nos. 15-3699, 15-3700 (3rd Cir), available at www.pacer.gov.